# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JULIA V. VIERA-GONZALEZ,

    Plaintiff,

v.                                                                  Case No:   6:23-cv-1632-PGB-LHP

CITY OF COCOA, BREVARD
COUNTY HOUSING AND HUMAN
SERVICES and SECRETARY UNITED
STATES DEPT. OF HOUSING &
URBAN DEVELOPMENT,

    Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DECLARATORY RELIEF (Doc. No. 2)**
>
> **FILED:** **August 25, 2023**
>
> ———
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

> **MOTION:** **MOTION FOR LEAVE TO INCLUDE COPIES OF EXHIBITS WITH THE INITIAL FILING (Doc. No. 3)**

> **FILED:** August 25, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff "Ivan Hernandez as Attorney In Fact (POA) for Julia V. Viera-Gonzalez" has filed two *pro se* motions. The first requests the Court to allow him to proceed as "Representative of Plaintiff," who Mr. Hernandez identifies as Ms. Viera-Gonzalez. Doc. No. 2. Alternatively, Plaintiff requests that legal counsel be appointed to represent Ms. Viera-Gonzalez in this case. *Id.* The second motion seeks leave to file various exhibits with the Court. Doc. No. 3.

Both motions are due to be denied without prejudice for failure to provide a memorandum of law as required by Local Rule 3.01(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989) (holding that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). As it pertains to the request to file exhibits (Doc. No. 3), Plaintiff also provides no explanation as to why he wishes to file the listed exhibits.[1]

---

[1] Contemporaneously with this Order, the undersigned has issued a Report and Recommendation that recommends Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice with leave to amend. Should the District Court adopt this Report, Plaintiff shall be afforded an opportunity to file an amended complaint and may attach any exhibits that are germane to the factual allegations set forth in that pleading. *See* Fed. R. Civ. P. 10(c).

With respect to the request to represent Ms. Viera-Gonzalez, (Doc. No. 2), the Court notes that Plaintiff has attached a copy of a Florida General Durable Power of Attorney. Doc. No. 2-1. However, in the absence of any memorandum of law, the Court is unable to ascertain whether this document authorizes Plaintiff to act as Ms. Viera-Gonzalez's personal representative and sue on her behalf in this case. *See, e.g.,* Fed. R. Civ. P. 17(b), (c); Fla. Stat. § 709.2114; *Tribue v. Hough*, No. 3:04CV286/RV/EMT, 2006 WL 212017, at *3 (N.D. Fla. Jan. 26, 2006) ("Under Florida law, a durable power of attorney grants one party the authority to act as the other party's agent or attorney-in-fact, even in the event of a disability."). And a *pro se* Plaintiff such as Mr. Hernandez — who does not appear to be an attorney — may not otherwise represent the interests of third-parties, such as Ms. Viera-Gonzalez. *See Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) ("The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (*quoting FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015)).

As to Plaintiff's alternative request that the Court appoint counsel on Ms. Viera-Gonzalez's behalf, this request is also denied without prejudice as the motion does not demonstrate that appointment of counsel is warranted. There is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in truly exceptional circumstances. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir.

1996). Exceptional circumstances may exist when the facts or legal issues are "so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (*quoting Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Here, Plaintiff has not demonstrated that this case presents the type of "exceptional circumstances" or "novel or complex" legal issues warranting the appointment of counsel at this time.

Accordingly, Plaintiff's *pro se* Motions (Doc. Nos. 2–3) are both **DENIED WITHOUT PREJUDICE.** Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 5 -

Counsel of Record
Unrepresented Parties